**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

| | | |
|---|---|---|
| Life Insurance Company of North America,<br><br>Plaintiff,<br>v.<br><br>N.Q.M.-T. a minor, by and through his Legal Guardian; the Estate of Quiana Mann, and Tyler J. Moore,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Court File No. _________<br><br><br><br><br>**COMPLAINT IN INTERPLEADER** |

---

Plaintiff Life Insurance Company of North America ("LINA"), by and through its undersigned counsel, for its Complaint in Interpleader against the Defendants, hereby states as follows:

## PARTIES

1. LINA, at all relevant times hereinafter mentioned, is an insurance company organized and existing under and by virtue of the laws of the State of Iowa with its principal place of business in Philadelphia, Pennsylvania.

2. Upon information and belief, Defendant N.Q.M.-T is the minor son of the decedent Quiana Mann (the "Decedent") and is a citizen and resident of the State of Wisconsin.

3. Upon information and belief, Defendant Tyler J. Moore is the adult son of the Decedent and is a citizen and resident of the State of California.

## JURISDICTION AND VENUE

4. This court has original jurisdiction pursuant to 29 U.S.C. § 1132 (e)(1) and 28 U.S.C. § 1331, because the action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq*. Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

5. Venue is proper pursuant to 29 U.S.C. § 1132 (e)(2), and 28 U.S.C. § 1391 (b), because the defendants reside in this district and/or a substantial part of the events giving rise to this action occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

6. Decedent, Quiana Mann, an employee of WestCare Foundation, Inc., had life insurance and accidental death coverage under WestCare Foundation, Inc.'s employee welfare benefit plan (the "Plan"), an ERISA-regulated employee welfare benefit plan. The Plan was funded for such benefits through group life and accidental death insurance policies issued by LINA, true and correct copies of which are attached hereto as **Exhibit A**.

7. LINA, as claim fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan. 29 U.S.C. § 1104 (a)(1)(D).

8. Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), provides, in relevant part, that a civil action may be brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." ERISA § 502(d),

29 U.S.C. § 1132(d), provides that the plans may sue or be sued for benefit claims or for the clarification of future rights to benefits.

9. Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), provides, in relevant part, a civil action may be brought by a participant, beneficiary, or fiduciary to "(A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) or enforce any provisions of this title or the terms of the plan."

10. At the time of her death, the Decedent had $15,000.00 in Basic Group Term Life, $150,000.00 in Supplemental Group Term Life, and $15,000.00 in Basic Accidental Death benefits (collectively the "Plan Benefits") under the Plan.

11. The Plan Benefits became payable to the beneficiary or beneficiaries upon the Decedent's death, pursuant to the terms of the Plan.

12. ERISA defines a beneficiary as "[a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

13. The Decedent designated Defendant N.Q.M.-T. and Defendant Moore as primary beneficiaries of the Plan Benefits, with each to receive a fifty percent (50%) share.

14. The Decedent died on November 21, 2022, due to a gunshot wound to the head. Attached hereto as **Exhibit B** is a true and correct copy of the death certificate.

15. On or about January 17, 2023, LINA received a Proof of Loss claim form completed by Defendant Moore, dated November 28, 2022, for the Plan Benefits. A true and correct copy of the claim form is attached hereto as **Exhibit C**.

16. On or about February 7, 2023, LINA approved Defendant Moore's claim for 50% of the Plan Benefits, plus interest, in the total amount of $90,036.55 and caused payment to be made. A true and correct copy of the approval letter is attached hereto as **Exhibit D**.

17. Defendant N.Q.M.-T. has been charged by the State of Wisconsin for the murder of the Decedent.

18. Whether under Wisconsin's "Slayer Statute", Wis. Stat. § 854.14, or federal common law, N.Q.M.-T. is ineligible to receive the remaining 50% share of the Plan Benefits is at issue.

19. LINA admits that the remaining Plan Benefits are now due and payable in accordance with the terms of the Plan to whichever interpleading party or parties as the Court shall designate.

20. LINA has no claim to the property and is ready and willing to deliver it to such person as the Court shall order.

21. LINA cannot safely determine the proper beneficiary or beneficiaries of the benefits and, as mere stakeholders, have no interest (except to recover their attorneys' fees and cost of this action), in the total benefits payable. LINA therefore respectfully requests that this Court determine to whom said benefits should be paid.

22. Because the terms of the Plan provide that N.Q.M.-T., as the a designated primary beneficiary, is entitled to 50% of the Plan Benefits under the terms of the Plan, LINA seeks a declaration that N.Q.M.-T. is entitled to such benefits. Alternatively, in the event this Court concludes that Wisconsin state law, or any other law, or any Plan provision

precludes the payment of the Plan Benefits to N.Q.M.-T., LINA seeks a declaration confirming to whom the remaining 50% share of the Plan Benefits are payable to.

23. Unless the conflicting and adverse claims are disposed of in a single proceeding, LINA may be subject to multiple litigations and are at a substantial risk of suffering duplicate or inconsistent rulings on liability for payment(s) and would be a waste of Plan assets.

24. LINA cannot determine the proper beneficiary or beneficiaries of the Plan Benefits without risking exposure of itself, the Plan and WestCare Foundation, Inc., to multiple claims and liabilities.

25. As a mere stakeholder, LINA makes no claim to the Plan Benefits at issue other than payment of its reasonable attorney's fees and costs in connection with this action. LINA therefore respectfully requests that this Court determine to whom the balance of the Plan Benefits should be paid.

26. LINA is ready, willing, and able to pay the Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever Defendant or Defendants the Court shall designate.

27. LINA will deposit into the Registry of the Court the Plan Benefits, plus any applicable interest due and owning under the terms of the Plan, for disbursement in accordance with the Judgment of this Court

WHEREFORE, Plaintiff Requests the court:

a. Restraining and enjoining the Defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States

Court against LINA, WestCare Foundation, Inc., or the Plan for recovery of the Plan Benefits plus any applicable interest, by reason of the death of the Decedent.

b. Require that Defendants litigate or settle and adjust between themselves their claim for the Plan Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the balance of the Plan Benefits, plus any applicable interest should be paid;

c. Permit LINA to pay into the registry of the Court the Plan Benefits, plus any applicable interest, and upon such payment dismiss LINA with prejudice from this action, and discharge LINA, WestCare Foundation, Inc., and the Plan from any further liability upon payment into the registry of this court, or as otherwise directed by this court;

d. Award such other further relief, including attorney's fees and costs, to which LINA is entitled in law or equity, as this court deems just and proper.

Dated this 12th day of October, 2026.

Respectfully submitted,

HINSHAW & CULBERTSON, LLP

*s/Annie Santos*
M. Annie Santos (Minn. 0389206)
250 Nicollet Mall, Suite 1150
Minneapolis, MN 55401
Tele:(612) 334-2540
Fax: (612) 334-8888
asantos@hinshawlaw.com

***Attorneys for Plaintiff, Life Insurance Company of North America***